United States District Court
District Of Massachusetts

| | |
|---|---|
| Christopher Wright, Robert Manning, Elliot Chefitz, and Joshua Steiss, *individually, and on behalf of a class of those similarly situtated*,<br><br>Plaintiffs,<br><br>v.<br><br>United Services Automobile Association and USAA General Indemnity Company,<br><br>Defendants. | Case No. 1:23-cv-11155<br><br>**Class Action Complaint**<br><br>**Jury Trial Demanded** |

## Introduction

1. A regulation promulgated by the Commissioner of the Massachusetts Division of Insurance ("the Commissioner") prohibits any use of "occupation" or "income" "to determine placement in a particular affiliate within an Insurance Company Group." 211 CMR 79.04(12)(h) and (i). Defendants United Services Automobile Association ("United Services") and USAA General Indemnity Company ("GIC") (collectively "USAA") violate that regulation.

2. USAA places current and former military personnel who purchase private passenger automobile insurance ("PPA"), with different affiliates based on their military pay grades.

3. In Massachusetts, USAA places current and former military personnel whose highest military pay level was in pay grades E-1 through E-6 ("E-1 to E-6 Policyholders") in GIC and places current and former military personnel whose highest military pay grade was above E-6 ("E-7 and Above Policyholders") in United Services.

4.  Controlling for years of service, each E-7 and Above Policyholder who is currently active in the military is paid more than each active E-1 to E-6 Policyholder.

5.  Military personnel engage in "occupations," and the occupations of personnel in pay grades E-1 to E-6 differ from those in grades E-7 and above.

6.  By using the income or occupation of E-1 to E-6 Policyholders to place them in GIC, and the income of E-7 and Above Policyholders to place them in United Services, USAA is violating 211 CMR 79.04(12)(h) and (i), which expressly prohibit using income or occupation to determine placement in a particular affiliate.

7.  GIC charges all or virtually all policyholders higher premiums for PPA than United Services charges its identically situated policyholders. Put alternatively, if GIC charged the same premiums that United Services charges policyholders with identical characteristics, all or virtually all GIC policyholders would pay lower premiums.

8.  Despite using the income or occupation of E-1 to E-6 Policyholders to place them in GIC, in its filings with the Commissioner, USAA deceptively states that it does not consider "occupation" and "income," among the other prohibited considerations, "in the policy placement decision in compliance with the provisions of 211 CMR 79.05(12)…." USAA MA Auto Rate/Rule Filing, submitted 10/13/2022 (State Filing Description: Resubmission of 08/17/2022 Rate/Rule USAA-133349326).

9.  USAA's violations of 211 CMR 79.04(12)(h) and (i), and its effective violations of 211 CMR 79.04(11)(h) and (i) as well, damage and, if not enjoined, will continue to damage, E-1 to E-6 Policyholders.

10. USAA's use of occupation and income to place E-1 to E-6 Policyholders into GIC, the higher-priced affiliate, unjustly enriches it, to the detriment of Plaintiffs and potential class members.

11. USAA's use of occupation and income to place E-1 to E-6 Policyholders into GIC, the higher-priced affiliate, breaches its duty of good faith and fair dealing under the insurance contract. It is also an unfair and deceptive practice under M.G.L. c. 176D, §§ 2 and 3 and Chapter 93A § 2.

12. Plaintiffs have issued a Chapter 93A demand to USAA Group on behalf of a class of E-1 to E-6 Policyholders.

13. Plaintiffs bring these claims pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of a class of E-1 to E-6 Policyholders who garage their autos in Massachusetts.

14. On behalf of the class, Plaintiffs seek an order requiring USAA to stop using income and occupation to separate insureds into separate affiliates, and to submit a new set of proposed PPA rates to the Commissioner that complies with the regulations.

15. Once the Commissioner approves USAA's new proposed PPA rates, Plaintiffs also ask that the approved rates be used to award class members restitution and damages to compensate for the excessive premiums that they have paid in the four years before this lawsuit was filed and during the lawsuit's pendency.

**Parties**

*Plaintiffs*

16. Plaintiff Robert Manning is a Massachusetts resident residing in Suffolk County whose highest pay/occupation grade in the military was E-3. Mr. Manning has PPA through GIC.

17. Mr. Manning has had GIC policies at all times material hereto, including on the filing date of this Complaint.

18. The premiums for each of the GIC policies that USAA offered and sold to Mr. Manning have been higher than they would have been if Mr. Manning had been placed in United Services.

19. Mr. Manning has fully and timely paid the premiums demanded under the policies at all times material hereto.

20. Plaintiff Christopher Wright is a Massachusetts resident residing in Norfolk County whose highest pay/occupation grade in the military was E-4. Mr. Wright has PPA through GIC.

21. Mr. Wright has had GIC policies at all times material hereto, including on the filing date of this Complaint.

22. The premiums for each of the GIC policies that USAA offered and sold to Mr. Wright have been higher than they would have been if Mr. Wright had been placed in United Services.

23. Mr. Wright has fully and timely paid the premiums demanded under the policies at all times material hereto.

24. Plaintiff Elliot Chefitz is a Massachusetts resident residing in Suffolk County whose highest pay/occupation grade in the military was E-4. Mr. Chefitz has PPA insurance through GIC.

25. Mr. Chefitz has had GIC policies at all times material hereto.

26. The premiums for each of the GIC policies that USAA offered and sold to Mr. Chefitz have been higher than they would have been if Mr. Chafetz had been placed in United Services.

27. Mr. Chefitz has fully and timely paid the premiums demanded under the policies at all times material hereto.

28. Plaintiff Joshua Steiss is a Massachusetts resident residing in Suffolk County whose highest pay/occupation grade in the military was E-4. Mr. Steiss has PPA insurance through GIC.

29. Mr. Steiss has had GIC policies at all times material hereto.

30. The premiums for each of the GIC policies that USAA offered and sold to Mr. Steiss have been higher than they would have been if Mr. Steiss had been placed in United Services.

31. Mr. Steiss has fully and timely paid the premiums demanded under the policies at all times material hereto.

*Defendants*

32. USAA writes auto insurance through four different insurers that operate under common management and control. These four commonly managed and controlled insurers are United Services, GIC, USAA Casualty Insurance Company, and

5

Garrison Property and Casualty Insurance Company. United Services owns 100% of the common stock of GIC.

33. Each of the four USAA companies insures a different segment of the military or military family members. Relevant here is that United Services insures personnel whose highest pay grade is or was E-7 or above while GIC insures personnel whose highest grade is or was E-1 to E-6.

34. United Services is organized under the laws of the State of Texas. Its principal place of business is at 9800 Fredricksburg Road, San Antonio, TX 78288.

35. GIC is organized under the laws of the State of Texas. Its principal place of business is at 9800 Fredricksburg Road, San Antonio, TX 78288.

**Jurisdiction And Venue**

36. This Court has subject matter jurisdiction based on diversity of citizenship under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The aggregate amount in controversy exceeds $5 million, the proposed class has at least 100 members, and Plaintiffs have diverse citizenship from both United Services and GIC.

37. This Court has personal jurisdiction over United Services and GIC because (a) they have registered with and are licensed as insurance companies by the Massachusetts Division of Insurance, (b) they have purposely availed themselves of the privilege of conducting business in Massachusetts, (c) they maintain systematic and continuous business contacts with Massachusetts, and (d) the events giving rise to Plaintiffs' claims arise out of those systematic and continuous business contacts with Massachusetts.

38. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because United Services and GIC reside in this judicial district for purposes of this lawsuit. Venue is also proper in this district under section 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Factual Allegations

*Segregating Policyholders by Pay Grade Segregates Them by Income*

39. The salaries of military personnel are set each year based on only two elements: pay grade and years of service. There is no discretion. All personnel at a particular pay grade and years of service receive the same pay.

40. For each category of years of service (such as under 2 years, 2 years, 3 years, or 4-5 years), the higher a person's pay grade, the higher that person's salary. E-2s are paid more than E-1s, E-3s are paid more than E-2s, and of critical importance for this case, E-7s are paid more than E-6s, for each category of years of service.

41. More generally, for each category of years of service, every person in pay grades E-7 and above has a higher salary than every person in grades E-1 to E-6. For policyholders who are currently in the military, therefore, segregating E-1 to E-6 Policyholders into GIC and E-7 and Above Policyholders into United Services constitutes assigning them to affiliates based on income. For policyholders who are veterans, segregating E-1 to E-6 Policyholders into GIC and E-7 and Above Policyholders into United Services constitutes assigning them to affiliates based on former income.

*Segregating Policyholders by Pay Grade Segregates Them by Occupation*

42. The Department of Defense recognizes that military personnel are engaged in occupations and has created a set of standardized military occupation codes across each of the military services. *See, e.g.,* Department of Defense Instruction 1312.1, issued January 28, 2013, *available at*

https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/dodi/131201p.pdf.

43. Under the military's occupational coding system, each member is assigned a military occupational specialty ("MOS").

*GIC Charges E-1 to E-6 Policyholders Higher Premiums Than United Services Charges Identically Situated E-7 and Above Policyholders*

44. USAA submits publicly accessible PPA rate filings to the Commissioner. The rates cannot go into effect until approved by the Commissioner.

45. USAA calculates premiums by multiplying the "base rate" for each coverage selected by the policyholder for each vehicle by the "relativities" applicable to the vehicle or driver.

46. Base rates are the same for each GIC policyholder and the same for each United Services policyholder but GIC's base rates are significantly higher than United Services' base rates.

47. The four types of coverage that account for most of the total auto insurance premium are "bodily injury," "property damage," "personal injury protection," and "collision." In USAA's most recent major rate filing, submitted October 13, 2022, GIC's base rate exceeded United Services' base rate by 61% for bodily injury,

8

22% for property damage, 84% for personal injury protection, and 25% for collision.

48. USAA categorizes every driver and vehicle under each of over 20 rating factors, or risk characteristics. Relativities are numbers associated with each category within each rating factor that reflect actuarial assessments of the risks posed by drivers or vehicles within that category. For example, years of driving experience ("YDE") is a rating factor. USAA has derived a relativity for GIC-insured drivers with five years of YDE, based on the experience of all drivers with five years of driving experience. That relativity differs from the relativities associated with ten, twenty, or thirty years of YDE, which are based on the experience of drivers in those categories. USAA uses the same rating factors and categories for GIC and United Services. The relativities associated with the categories may or may not be the same for GIC and United Services.

49. Because GIC and United Services use the same rating factors and categories, it can be determined objectively whether a GIC policyholder would pay higher or lower premiums than a United Services policyholder posing the identical risk.

50. The differences between GIC's and United Services' base rates for the four primary coverages are so great that every or almost every GIC policyholder pays a higher premium than that policyholder would pay in United Services.

51. Under 211 CMR 79.04, insuring E-1 to E-6 Policyholders through a different affiliate than E-7 and Above Policyholders and charging the E-1 to E-6 Policyholders higher premiums even when they pose identical risks to E-7 and Above Policyholders is no more permissible than separating blue-eyed and brown-eyed policyholders into separate affiliates and charging the brown-eyed policyholders more

than blue-eyed policyholders posing identical risks.

## Applicable Law

52. M.G.L. c. 175E, § 4(a) provides, in relevant part:

> Rates shall not be excessive or inadequate, as herein defined, nor shall they be unfairly discriminatory....

53. M.G.L. c. 175E, § 10 grants the Commissioner authority to make, alter or

amend rules and regulations for the purposes of c. 175E.

54. 211 CMR 79.04(12) provides in relevant part:

> Underwriting Factors Prohibited. No Insurer or Insurance Company Group shall refuse to issue, renew or execute as surety a private passenger motor vehicle liability policy or bond, or any other insurance based on the ownership or operation of a motor vehicle because of any of the following factors, or otherwise use such factors to determine placement in a particular affiliate within an Insurance Company Group:
>
> …
>
> (h) occupation;
>
> (i) income.

55. M.G.L. c. 176D, § 11 provides as follows:

> The Commissioner may in accordance with provisions of chapter thirty A, after notice and hearing, promulgate reasonable rules and regulations, as are necessary or proper to identify specific methods of competition or acts or practices which are prohibited by sections three or four but the regulations shall not enlarge upon or extend the provisions of said sections.
>
> Notwithstanding the forgoing, the Commissioner may, in accordance with said chapter 30A, promulgate rules and regulations to protect service members of the Armed Forces of the United States from dishonest or predatory insurance acts or practices by identifying certain insurance acts or practices as false, misleading, deceptive or unfair.

## Class Allegations

56. Plaintiffs bring this action on behalf of themselves and the members of the proposed class defined below pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3).

57. The proposed class is defined as:

> All persons who, from May 23, 2019 through the date of class certification, (a) had personal automobile coverage through USAA General Indemnity Company while garaging at least one of their autos in Massachusetts, and (b) are serving or did serve in the military with a highest pay grade of E-1 through E-6.

58. Membership in the class can be determined based on computerized records maintained by USAA.

59. GIC had about 21,700 policyholders in 2021. This number of class members makes joinder of all class members impracticable.

60. Common questions of law and fact exist as to all members of the class and will predominate in the case, including the following:

   a. Are GIC and United Services violating 211 CMR 79.04(12)(i) by placing E-1 to E-6 Policyholders in GIC and E-7 and Above Policyholders in United Services based on their income?

   b. Are GIC and United Services violating 211 CMR 79.04(12)(h) by placing E-1 to E-6 Policyholders in GIC and E-7 and Above Policyholders in United Services based on their occupations?

   c. If GIC and United Services are violating 211 CMR 79.04(12)(h) and/or (12)(i) is that an unfair or deceptive practice under Chapter

     93A?

  d. Do GIC and United Services' allegedly unfair or deceptive practices cause an injury to E-1 to E-6 Policyholders in that they pay higher premiums than they would pay if GIC and United Services complied with 211 CMR 79.04(12)(h) and/or (12)(i)?

  e. Are Plaintiffs and class members entitled to an order requiring GIC and United Services to file a rating plan with the Commissioner under which E-1 to E-6 Policyholders and E-7 and Above Policyholders are not placed into separate companies?

  f. Can the losses suffered by Plaintiffs and each class member be readily calculated based on the rating schedule to be approved by the Commissioner?

  g. Are the Plaintiffs and class members entitled to an award of attorneys' fees and expenses?

61. Plaintiffs' claims are typical of the claims of other class members. Their claims arise out of the same violations of c. 175E, § 4(a) and 211 CMR 79.04 as do the claims of other class members, resulting in the same violations of Chapter 93A. As a result of those violations, Plaintiffs, like other class members, have paid more to GIC than they would have if USAA complied with 211 CMR 79.04(12)(h) and/or (12)(i).

62. Plaintiffs do not have any conflicts of interest with class members. Plaintiffs are committed to this litigation and have retained counsel with the knowledge and resources to litigate the claims in this case.

63. In placing E-1 to E-6 Policyholders into a different affiliate than E-7 and Above Policyholders and charging E-1 to E-6 Policyholders higher premiums than identically situated E-7 and Above Policyholders, USAA has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

64. If the Court orders the requested injunctive relief, the losses experienced by all class members can be determined formulaically as a byproduct of the injunctive relief.

65. A class action is superior to any other means of addressing the claims in this case. The case will be easy to manage because it will be resolved primarily by resolution of two legal questions: When Defendants place E-1 to E-6 Policyholders into GIC and E-7 and Above Policyholders into United Services based on their military pay grade, are they segregating them by income? When Defendants place E-1 to E-6 Policyholders into GIC and E-7 and Above Policyholders into United Services based on their military pay grade, are they segregating them by occupation? No complex factual determinations will be necessary. A class action also will prevent the possibility of inconsistent resolution of those two questions. Class members do not have an interest in individually controlling the litigation because the cost of litigation will far exceed the amount that any class member has been damaged.

## Causes of Action

### Count I: Breach Of Contract/Duty of Good Faith and Fair Dealing

66. United Services and GIC contracted with Plaintiffs and potential class

members to provide the insurance policies described above.

67.     Despite using the income or occupation of E-1 to E-6 Policyholders to place them in GIC, in its filings with the Commissioner, USAA deceptively stated that it does not consider "occupation" and "income," among the other prohibited considerations, "in the policy placement decision in compliance with the provisions of 211 CMR 79.05(12)…."

68.     United Services and GIC's use of occupation and/or income in placing E-1 to E-6 Policyholders into a different affiliate than E-7 and Above Policyholders and charging E-1 to E-6 Policyholders higher premiums than identically situated E-7 and Above Policyholders breaches the contractual duty of good faith and fair dealing.

69.     Plaintiffs and potential class members were harmed by Defendants' breach.

### Request For Relief

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of them and potential class members and against United Services and GIC as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action under Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3) and certifying the class defined herein;

B.     Designating Plaintiffs as the representatives of the class and their counsel as class counsel;

C.     Declaring United Services and GIC's practices described above to constitute a breach of the duty of good faith and fair dealing inherent in every contract;

      D.      Granting injunctive relief to Plaintiffs and class members, including but not limited to an order (i) prohibiting United Services and GIC from placing E-1 to E-6 Policyholders into a separate affiliate from E-7 and Above Policyholders, (ii) requiring United Services and GIC to submit to the Commissioner within a reasonable time a proposed rating plan for the combined E-7 and Above Policyholders and E-1 to E-6 Policyholders, (iii) prohibiting United Services and GIC from using maximum military pay grade as a rating factor in that common company, and (iv) requiring United Services and GIC to respond to any concerns of the Commissioner until approval is gained for a proposed rating plan;

      E.      Awarding Plaintiffs and potential class members restitution and/or damages to be calculated by a court-appointed expert if the Court so chooses based on the rating plan approved by the Commissioner;

      F.      Awarding pre- and post-judgment interest at the maximum rate permitted by applicable law;

      G.      Awarding costs and reasonable attorneys' fees; and

      H.      Granting such further relief as the Court deems just and reasonable.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial for all claims so triable.

Date: May 23, 2023

Respectfully submitted,

/s/ John Roddy
John Roddy (BBO # 424240)
jroddy@baileyglasser.com
Elizabeth Ryan (BBO # 549632)
eryan@baileyglasser.com
Bailey Glasser LLP
176 Federal Street, 5th Floor
Boston, MA 02110
617.439.6730
617.951.3954 Facsimile

Cyrus Mehri (*pro hac vice forthcoming*)
cmehri@findjustice.com
Jay Angoff (*pro hac vice forthcoming*)
jay.angoff@findjustice.com
Michael Lieder (*pro hac vice forthcoming*)
mlieder@findjustice.com
Mehri & Skalet PLLC
2000 K Street NW, Suite 325
Washington, DC 20006
202.822.5100
202.822.4997 Facsimile

*Attorneys for Plaintiffs and the Proposed Class*