UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTOPHER WRIGHT, ROBERT MANNING, ELLIOT CHEFITZ, and JOSHUA STEISS, individually and on behalf of those similarly situated, | * * * * * * | |
| Plaintiffs, | * | Civil Action No. 1:23-cv-11155-ADB |
| v. | * * * * | Class Action |
| UNITED SERVICES AUTOMOBILE ASSOCIATION and USAA GENERAL INDEMNITY COMPANY, | * * | |
| Defendants. | | |

## MEMORANDUM IN RESPONSE TO FIRST CIRCUIT

BURROUGHS, D.J.

On May 15, 2024, this Court denied Defendants' United Services Automobile Association ("United Services") and USAA General Indemnity Company ("GIC" and, together with United Services, "USAA" or "Defendants") motion to dismiss. [ECF No. 27]; see also Wright v. United Servs. Auto. Ass'n, No. 23-cv-11155, 2024 WL 2186850, at *5 (D. Mass. May 15, 2024). Thereafter, Defendants asked the Court for an order certifying an interlocutory appeal, [ECF No. 30 ("Motion" or "Mot.")], which Plaintiffs Christopher Wright, Robert Manning, Elliot Chefitz, and Joshua Steiss, on behalf of themselves and others similarly situated (collectively "Plaintiffs"), opposed. [ECF No. 42 ("Opposition" or "Opp.")]. The Court held a hearing on the Motion on August 14, 2024, [ECF Nos. 46, 47], following which the Court granted it, [ECF No. 49], finding that whether the filed-rate doctrine bars Plaintiffs' claims

"involves a controlling question of law as to which there is substantial ground for difference of opinion," and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The specific question on which Defendants sought review was "whether the filed-rate doctrine bars plaintiffs' claim that they were overcharged for insurance" in violation of Massachusetts law. [ECF No. 31 at 7].

On August 11, 2025, the First Circuit Court of Appeals entered the following order:

> So that the court may better understand the "controlling question" or questions the district court had in mind when granting § 1292(b) certification, we ask the district court to enter in the underlying matter, within 30 days of entry of this order, a memorandum specifying the "controlling question" or questions that led the district court to grant § 1292(b) certification and to provide any additional commentary or analysis the district court feels might aid this court in resolving the petition before it.

[ECF No. 50]. Following the entry of the order, each of the parties filed a response to the inquiry. [ECF Nos. 51, 52]. Defendants, in their response, take the position that "the controlling question here is whether the filed-rate doctrine bars Plaintiffs' claims" and assert that the "question requires the resolution of two separate questions of law about which there is substantial ground for difference of opinion: (1) whether the filed-rate doctrine bars claims that challenge rates set by state (as opposed to federal) agencies, and (2) whether the doctrine bars claims that are pleaded as challenges to the defendant's conduct in setting rates, rather than the regulator's conduct in approving them." [ECF No. 51 at 1]. In their response, Plaintiffs suggest that "trying to identify controlling questions of law" is "fruitless" and ask that this Court reconsider its order allowing an interlocutory appeal and instead "either certify the issues to the Supreme Judicial Court . . . or withdraw its certification Order and allow the parties to proceed with discovery." [ECF No. 52 at 1].

2

The Court agrees that Defendants have correctly identified the controlling question, that is, "whether the filed-rate doctrine bars the relief Plaintiffs seek," in which case Plaintiffs have failed to state a claim. To be more precise, however, the Court submits to the First Circuit Court of Appeals that, as outlined in its order certifying interlocutory appeal, this raises three distinct but interrelated questions:

1. When a federal court, sitting in diversity, needs to determine whether the filed-rate doctrine applies to bar a claim, should it look to state law or federal common law to determine whether the filed-rate doctrine applies to Massachusetts state agencies? Rothstein v. Balboa Ins. Co., 794 F.3d 256, 261 (2d Cir. 2015) (applying filed-rate doctrine as principle of federal common law); see also In re N.J. Title Ins. Litig., 683 F.3d 451, 455 (3d Cir. 2012) (same); H.J. Inc. v. Nw. Bell Tel. Co., 954 F.2d 485, 494 (8th Cir. 1992) (same); Patel v. Specialized Loan Servicing, LLC, 904 F.3d 1314, 1321 (11th Cir. 2018) (same); but see Patel, 904 F.3d at 1329 (Jordan, J., dissenting) ("[F]or the federal filed rate doctrine to apply, it must be tied to a federal statute creating a federal regulatory scheme. When the regulatory scheme is instead created by a state, we must look to that state's law to figure out whether a state-law filed rate doctrine exists."); Alpert v. Nationstar Mortg. LLC, 983 F.3d 1129, 1130 (9th Cir. 2020) (certifying question to Washington Supreme Court); Epstein v. USAA Gen. Indemnity Co., 636 F. Supp. 3d 1260, 1263–66 (W.D. Wash. 2022) (applying Washington law).

2. If federal common law is the appropriate source of law, does the federal filed-rate doctrine apply to bar claims that implicate rates set by Massachusetts state agencies, or does it apply solely to those set by federal agencies? See Arroyo-Melecio v. Puerto Rican Am. Ins. Co., 398 F.3d 56, 73 (1st Cir. 2005) ("[I]t is simply not the case that any

3

action which might arguably and coincidentally implicate rates, much less those determined by a state, rather than a federal agency, is governed by the doctrine.").

3. If federal common law would apply the filed-rate doctrine to rates set by Massachusetts state agencies, is the doctrine quasi-preemptive, such that it applies to broadly bar legal or equitable challenges that implicate filed rates, as Defendants contend, or does it apply only to direct challenges to the rates themselves, as Plaintiffs contend?

In brief, and as noted in both this Court's prior motion to dismiss order and order certifying interlocutory appeal, the Court agrees with USAA that federal and state case law reflects a substantial basis for differences of opinion regarding the filed-rate doctrine and, in particular, whether it might be an exception from ordinary Erie principles. Moreover, if Defendants' positions are correct, this Court was wrong in denying the motion to dismiss and this case is over. As such, the Court certifies the issue for interlocutory appeal.

In so doing, the Court also submits that, as a practical matter, the Court of Appeals should resolve these issues now, as it makes little sense for the parties to expend additional time and resources on this litigation. The dispositive questions, as outlined above, are purely legal, and requiring the case to go forward without the Court of Appeals first addressing the issues will not result in any further factual or legal development that will change the nature of the inquiry. In other words, the Court of Appeals will necessarily be called upon to decide whether the filed-rate doctrine applies here and whether it precludes all of Plaintiffs' requested remedies as a matter of law. As such, this Court believes that the requirements for interlocutory review have been satisfied and refers the Court of Appeals to the more fulsome discussion on these requirements in its order granting Defendants' request for review. See [ECF No. 49].

September 8, 2025                                              */s/ Allison D. Burroughs*
                                                               ALLISON D. BURROUGHS
                                                               U.S. DISTRICT JUDGE